UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hannah Mae Hickmon, | ) C/A No. 7:06-1504-GRA-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Limestone College; | ) |
| Mary Beth Harlee; | ) |
| Dr. Charles J. Cunning, Ph.D | ) |
| Penni Griffin; and | ) |
| Walt Griffin, | ) |
| | |
| Defendants. | |

The plaintiff is suing a private college, Limehouse, and some of the college's employees, claiming the defendants failed to "up-hold Transferred school documented grades that was on file", failed to accept "Western Carolina Transcript", failed to provide proof that the plaintiff threatened a teacher, failed to "adequately respond to the Plaintiff Request in a timely manner", and failed to prove that the plaintiff violated the "Social Work Ethic's Codes". She has submitted what appears to be a copy of an unfiled state court complaint along with her federal complaint. In her federal complaint, although she titles the complaint "Tort Action - Grade Tampering & Changes - Fraud - Stress - Fault Allegations", Plaintiff alleges that her 14th Amendment rights have been violated. Plaintiff also claims her "educational rights" have been violated and that the defendants have engaged in "discriminatory practices". Plaintiff does not indicate what relief she is seeking.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the



following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

In order for this Court to hear or decide a case, the Court must first have jurisdiction over the subject matter of the litigation. It is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and federal statute. *See* Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986). This limited jurisdiction is not to be expanded by judicial decree. *See* American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951). Further, it is to be presumed that a cause lies outside this limited jurisdiction, *see* Turner v, Bank of North America, 4 U.S. (4. Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28



U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. However, the allegations contained in the complaint do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between–
>
>   (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, this court has no diversity jurisdiction because all parties in the above-captioned case are residents of the State of South Carolina. The plaintiff is not without a forum for these claims, however: she may file suit against the defendants in a Court of Common Pleas, which would have jurisdiction over a suit brought by a South Carolina resident against other South Carolina residents.

Second, it is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Instead, plaintiff's complaint involves a dispute with a private college and it's employees over matters pertaining to the school's records. Generally, such disputes are matters to be heard in the state courts, unless diversity jurisdiction is present. Although the plaintiff does make reference to the Fourteenth Amendment in her complaint, in order to state a cause of action under



42 U.S.C. § 1983 (the federal statutes under which such a claim would be brought),[1] plaintiff must have alleged that: *(1)* the defendant(s) deprived her of a federal right, and *(2)* did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).   Plaintiff has not made any allegations which would connect the actions (or inactions) of the defendants to the actions of any person who was acting under color of state law.  Generalized or implicit allegations of conspiracy are not sufficient.  *See* Stubbs v. Hunter, 806 F. Supp. 81, 82-83 (D.S.C. 1992); Wetherington v. Phillips, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), *affirmed*, 526 F.2d 591 (4th Cir. 1975)[Table]; and Joyner v. Abbott Laboratories, 674 F. Supp. 185, 191 (E.D.N.C. 1987).[2]

### **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C.

---

[1] Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned.  West v. Atkins, 487 U.S. 42, 48-49, 1988 U.S. LEXIS® 2744 (1988)(collecting cases).

[2] Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State.  Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment.  *See* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).  In this matter, all of the individuals are private citizens or entities who cannot be sued in a Section 1983 action, even if this Court where to construe the plaintiff's complaint as one arising under that section.



§ 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)];  ***The plaintiff's attention is directed to the important notice on the next page.***

                                            Bristow Marchant
                                            United States Magistrate Judge

Columbia, South Carolina
June   19, 2006



**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
